S93A0277. MAXWELL v. THE STATE.
(428 SE2d 76)

HUNT, Presiding Justice.

Sidney Maxwell was convicted of the malice murder of his wife, Gina Maxwell, and sentenced to life imprisonment.[1] He appeals, enumerating as error the sufficiency of evidence, the admission into evidence of certain testimony of a forensic pathologist, and the trial court's limitation on the defendant's cross-examination of a witness. We affirm.

The defendant's conviction following his first trial was reversed by this court in *Maxwell v. State,* 262 Ga. 73 (414 SE2d 470) (1992). The evidence as set forth in that opinion was similar to that in this case. Additional evidence in the trial resulting in the conviction appealed from here included the defendant's admission that he struck his wife with one fatal blow during an argument, that after she fell he grabbed her neck, but she did not respond and her head moved freely from side to side, and that he subsequently took her body to a nearby

---

[1] The crime occurred sometime between August 12, 1990 and August 17, 1990. The defendant was indicted by the Lowndes County Grand Jury on October 8, 1990. He was initially tried, found guilty, and sentenced on May 2, 1991. That conviction was reversed in *Maxwell v. State,* 262 Ga. 73 (414 SE2d 470) (1992). The jury failed to reach a verdict in a second trial. Defendant was convicted at a third trial, held October 5-7, 1992. He filed his notice of appeal on October 21, 1992. The appeal was docketed in this court on November 23, 1992, and orally argued on February 8, 1993.

wooded area. Also, there was evidence that the defendant and victim, who had reunited after an earlier separation, had been having marital problems, and the victim had made plans to move. The defendant, the month before the murder, told a witness he "was going to get rid of that bitch" and that "he could get rid of somebody and nobody would ever find out how he got rid of them." Also, the victim's body was discovered in a wooded area with which the defendant was familiar, and which was behind locked gates to which the defendant had a key.

1. We conclude that a rational trier of fact could have found the defendant guilty of the murder of his wife beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant contends the trial court erred in allowing an expert witness for the state, a forensic pathologist, to state his opinion that a person could die from a single blow by another's hand, to testify regarding the types of medical autopsy evidence that might be found if death were caused in that manner, and to testify that it is medically possible for the head of a person killed in that manner to move from side to side without the neck being broken. The defendant argues that this testimony is based on speculation because the pathologist stated he was unable to determine how the victim died since her body was in a state of advanced deterioration, and that the testimony improperly invades the province of the jury. We disagree.

The expert's testimony regarding the possibility of death by a single blow, and the possibility of subsequent head movement following death in that manner, was admissible because it was based on facts in evidence. OCGA § 24-9-67. Because this testimony pertains to conclusions jurors would not ordinarily be able to draw for themselves, it does not invade the jury's province. See *State v. Butler*, 256 Ga. 448, 450 (2) (349 SE2d 684) (1986).[2] We find no abuse of discretion in admitting this testimony.

While the pathologist's listing of the possible medical autopsy evidence which might be found in death by a single blow was only marginally, if at all, relevant since no such evidence was available, the defendant has shown no harm in its admission into evidence.

3. Contrary to the defendant's contentions, the trial court did not abuse its discretion in limiting the defendant's cross-examination of a witness for the state. See generally *Lamon v. State*, 260 Ga. 119, 121 (4) (390 SE2d 582) (1990). The defendant's remaining arguments regarding his cross-examination of this witness are without merit.

4. On appeal to this court, defendant moves that the record be

---

[2] We note that unlike *Maxwell v. State*, 262 Ga. 73, 76 (5), supra, where the pathologist improperly stated his opinion regarding the manner of death (homicide), here, the pathologist gave his opinion regarding a possible cause of death, that is, by a single blow.

opened to allow the submission of new evidence, which the defendant claims casts doubt on the verdict. We do not address these claims, which the defendant may raise in the trial court by extraordinary motion for new trial pursuant to OCGA § 5-5-41; see generally *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 12, 1993.

*James G. Tunison, Jr.,* for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Matthew P. Stone, Staff Attorney,* for appellee.